Pfister v. Botsford.

It thus becomes unnecessary to pass upon the other questions made in this case.

It is suggested on behalf of the defendants that the construction which we have given to Sec. 1536-184 is inconsistent with the construction put upon the next succeeding sections by this court in State v. East Cleveland Ry., 3 Circ. Dec. 471 (6 R. 318). But a careful reading of the latter section will, we think, demonstrate the contrary. The first clause of Sec. 1536-186 R. S. (Sec. 3775 G. C.) clearly does not mean as much as, upon a merely cursory inspection, it would seem to indicate.

The plaintiff may take a decree in accordance with the prayer of his petition and with this opinion.

MARVIN and WINCH, JJ., concur.

---

## APPEAL—TIME

[Cuyahoga (8th) Circuit Court, December 1, 1905.]

Marvin, Winch and Henry, JJ.

MAX PFISTER v. F. G. BOTSFORD ET AL.

Time for Filing Appeal Bond Expiring Sunday, Next Day too Late.
   Section 4951, R. S. (Sec. 10216 G. C.), does not apply to practice in justices' courts, and when the date upon which an appeal bond may be filed falls upon Sunday it can not be filed on the following day.

ERROR.

A. H. Martin, for plaintiff in error.

J. Moore and F. C. Friend, for defendants in error.

HENRY, J.

An inspection of the transcript from the justice's court discloses that the appeal bond was not filed within the statutory period. The time for filing expired on a Sunday and the bond was filed the next day. It was therefore too late, and was without efficacy to perfect an appeal. Section 4951 R. S. (Sec. 10216 G. C.) does not apply to practice in justices' courts.

*McLees* v. *Morrison*, 29 Ohio St. 155; *Kerr* v. *Keil*, 60 Ohio St. 607 [54 N. E. 1104].

The judgment of the court of common pleas is reversed, and the cause remanded to that court with direction to dismiss the appeal.

MARVIN and WINCH, JJ., concur.